IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Deidra Lee, | ) | Civil Action No.: 1:19-cv-02037-JMC |
|               Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Low Country Health Care System, Inc., | ) | |
|               Defendant. | ) | |

Plaintiff filed the instant action against Defendant Low Country Health Care System, Inc. ("LCHCSI") to recover damages for negligence as a result of an alleged sexual assault that occurred while Plaintiff was a patient at LCHCSI's facility. (ECF No. 1 at 5 ¶¶ 20–22.)

This matter is before the court pursuant to the United States of America's (the "Government") Motion to Substitute the United States as Defendant, to Set Aside Default Judgment,[1] and to Dismiss This Action. (ECF No. 13.) Plaintiff does not oppose the Government's Motion to Substitute, consents to the Motion to Set Aside Default, but opposes the Motion to Dismiss. (ECF No. 14.) For the reasons set forth below, the court **GRANTS** the Government's Motion to Substitute and Motion to Set Aside Default, but **DENIES WITHOUT PREJUDICE** the Government's Motion to Dismiss.

### I.    JURISDICTION

The court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1346(b)(1), which grants district courts original jurisdiction over civil actions against the Government including those brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, wherein the Government can be found "liable to a tort claimant to the same extent

---

[1] The court observes that the Clerk of Court has entered default, but Plaintiff has not been granted default judgment. (*See* ECF Nos. 9, 10.)

that a private person would be liable according to the law of the state of the occurrence." *Juaire v. United States*, No. 4:09-cv-709-TLW, 2012 WL 527598, at *10 (D.S.C. Feb. 16, 2012) (citing 28 U.S.C. § 1346(b) and § 2674).

## II.     ANALYSIS

A.     <u>Motion to Substitute the United States as Defendant</u>

The Government moves the court to substitute the United States for LCHCSI pursuant to § 2679 of the FTCA and the Federally Supported Health Care Centers Assistance Act, 42 U.S.C. § 233(g).  (ECF No. 13 at 3.)  As an attachment to the Motion, the Government filed a Certification of Scope of Employment from the United States Attorney for the District of South Carolina certifying that LCHCSI "was at all times relevant hereto, an entity receiving federal grant money from the United States Public Service pursuant to 42 U.S.C. § 245b, 254c, 256, or 256a," "was deemed by the Department of Health and Human Services, pursuant to 42 U.S.C. § 233(h) eligible for coverage under the" FTCA, and "was acting within the scope of its employments as a health care center pursuant to the Federally Supported Health Care Centers Assistance Act, at the time of the incidents out of which the Plaintiff's claims arose." (ECF No. 13-1 at 1–2.)  Because the United States Attorney has certified that LCHCSI was an employee of the United States and was acting within the scope of its employment at the time of the incident giving rise to the Complaint, the United States is the proper party defendant pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233.  Accordingly, the United States of America should be substituted as the party defendant in the place of LCHCSI.

B.     <u>Motion to Set Aside Default</u>

The Government moves to set aside the Clerk's default entered against LCHCSI arguing that good cause exists because "[t]he United States is the only proper party, and the United States

was not served with the Summons and Complaint in this action." (ECF No. 13 at 3.) Rule 55 of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause." The United States Court of Appeals for the Fourth Circuit has articulated six (6) factors for courts to consider in determining whether relief from an entry of default is appropriate under Fed. R. Civ. P. 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203–04 (4th Cir. 2006). Upon its consideration of the *Payne* factors in conjunction with Plaintiff's consent, the court is persuaded that default against LCHCSI should be set aside for good cause.

C.     Motion to Dismiss for Insufficient Process and Insufficient Service of Process

The Government moves to dismiss the action for insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. (ECF No. 13 at 4.) In support of its Motion, the Government argues that Plaintiff failed to serve a copy of the Summons and Complaint on the United States Attorney for the District of South Carolina and the United States Attorney General within ninety (90) days of their filing date of July 19, 2019. (*Id.* at 5 (citing Fed. R. Civ. P. 4(i), 4(m)).) Plaintiff opposes the Motion to Dismiss asserting that Rule 4(m) does not expressly require dismissal of the Complaint and gives the court discretion to order Plaintiff to accomplish service within a specified time. (ECF No. 14 at 3 (citing Fed. R. Civ. P. 4(m)).)

The court has the discretion to dismiss a case under Rule 12(b)(4) for insufficient process and Rule 12(b)(5) for insufficient service of process. *See, e.g.*, *Reinhold v. Tisdale*, C/A No. 8:06-3311-MBS-BHH, 2007 WL 2156661, at *3 (D.S.C. Apr. 30, 2007) (citing *Dimensional*

3

*Commc'ns, Inc. v. OZ Optics, Ltd.*, 218 F. Supp. 2d 653, 655 (D.N.J. 2002)). Sufficiency of service of process is generally governed by Fed. R. Civ. P. 4. Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant within ninety (90) days after a complaint is filed. Fed. R. Civ. P. 4(m). "If a defendant is not served within this time period, then 'the court—on motion, or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.'" *Dyal v. GE Gas Turbines*, C/A No. 6:11-03238-JMC, 2013 WL 3229712, at *2 (D.S.C. June 25, 2013) (quoting Fed. R. Civ. P. 4(m)). "However, if the plaintiff can show 'good cause'[2] for failing to timely serve defendant within the [9]0–day period, then 'the court must extend the time for service for an appropriate period.'" *Id.* (quoting Fed. R. Civ. P. 4(m)). "Furthermore, even if a plaintiff fails to show good cause, the court, in some circumstances, may grant an extension of time, if it deems it to be appropriate." *Id.* (citing *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996); *Giacomo–Tano v. Levine*, 199 F.3d 1327 (4th Cir. 1999)).

     Upon its review, the court observes that Plaintiff specifies in her response that she did not attempt service on the United States because it was not a party to the action at that time. (ECF No. 14 at 3.) However, Plaintiff did not cite the court to caselaw allowing the court to conclude that this reason demonstrates good cause. Nevertheless, the court expressly recognizes that Plaintiff will suffer severe prejudice if her action is dismissed at this late date, approximately eight and a half (8.5) years after the events in the Complaint. (*See* ECF No. 1 at 2 ¶ 4–3 ¶ 14.) Therefore, the court finds that a limited extension is warranted in this case. Accordingly, the

---

[2] The good cause exception typically requires that a plaintiff exercise due diligence in effecting service. *Dyal*, 2013 WL 3229712, at *2 (citing *Clyburn v. Champagne*, No. 6:10-1925-TMC, 2012 WL 4478971, at *5 (D.S.C. Sept.28, 2012)). "Courts often will find good cause when '"external factors . . . stifle a plaintiff's due diligence."' *Id.* (quoting *Clyburn*, 2012 WL 4478971, at *5). "Thus, some exogenous factor must delay or prevent service, rather than the party's own neglect or carelessness." *Id.*

court declines to dismiss this matter for insufficient process and/or insufficient service of process.

### III.  CONCLUSION

For the foregoing reasons, the court **GRANTS** the Government's Motion to Substitute. (ECF No. 13.)  The United States of America is hereby substituted as the proper party defendant in the place of Low Country Health Care System, Inc.  The court further **GRANTS** the Government's Motion to Set Aside Default, but **DENIES WITHOUT PREJUDICE** the Government's Motion to Dismiss pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.  Plaintiff shall serve a copy of the Summons and Complaint on the United States of America in accordance with Rule 4 of the Federal Rules of Civil Procedure by May 27, 2020.  Failure to do so may result in dismissal of this action, without prejudice, and without further notice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 6, 2020
Columbia, South Carolina