IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Deidra Lee, | ) | |
| | ) | Civil Action No.: 1:19-cv-02037-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

Currently before the court is Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction. (ECF No. 23.) Plaintiff Deidra Lee has responded in opposition to the Motion (ECF No. 25), to which Defendant filed a reply (ECF No. 26). Defendant seeks to dismiss this action under Rule 12(b)(1) because Plaintiff's claim "is based upon an assault and battery which is excepted from coverage under the Federal Tort Claims Act [("FTCA")] and because it does not involve a medical malpractice action[.]" (ECF No. 23.) For the following reasons, the court **DENIES** Defendant's Motion to Dismiss for Lack of Jurisdiction. (*Id.*)

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND

Plaintiff initially filed suit against Low Country Health Care System, Inc. ("LCHC"), alleging it negligently allowed one of its employees, Dr. Robert Jones, to "improperly touch[], molest[], and grope[] Plaintiff without consent."[1] (ECF No. 1 at 2-5, ¶¶ 7-12, 18, 20-22.) Thereafter, the Government filed an unopposed Motion to Substitute the United States of America as Defendant, explaining that LCHC was eligible for coverage under the FTCA because LCHC

---

[1] Plaintiff alleges that Dr. Jones has since "been charged with criminal assault and battery offenses as a result of his elicit actions[.]" (ECF No. 1 at 3 ¶ 13.)

received federal grant money and "was acting within the scope of its employment as a health care center . . . at the time . . . out of which . . . Plaintiff's claims arose."[2] (ECF No. 13-1.) The court granted the Government's request, substituting the United States of America "as the proper party defendant in the place of [LCHC]." (ECF No. 16 at 5.) The Government subsequently filed the instant Motion to Dismiss for Lack of Jurisdiction. (ECF No. 23.)

## II.     LEGAL STANDARD

"Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. FED. R. CIV. P. 12(b)(1). In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

## III.     ANALYSIS

Defendant contends the court lacks subject matter jurisdiction over the instant action in two ways: First, Plaintiff's claim of LCHC's negligence arises out of the intentional torts of assault

---

[2] By contrast, "the United States Attorney certified that Dr. Robert Jones was not acting within the scope of his employment at the time of the alleged incidents so that he could not be deemed an employee of the government pursuant to 42 U.S.C. § 233(c)." (ECF No. 13-1 at 2-3.)

and battery committed by Dr. Jones. (ECF No. 23 at 4.) Defendant posits the FTCA bars claims arising out of these intentional torts including those "like [Plaintiff's] that sound in negligence but stem from a battery committed by a Government employee." (*Id.* at 4-5 (citation omitted).) And second, Defendant stresses that "the Complaint does not allege an injury resulting from medical malpractice," which is necessary for the instant claims, "and the United States has not waived its sovereign immunity[.]" (*Id.* at 7.)

In a brief response, Plaintiff claims the court retains jurisdiction because "the injury was caused by the 'negligent or wrongful act or omission of any employee' [and] . . . a private person would be liable to the claimant in accordance with South Carolina law." (ECF No. 25 at 3.) Further,

> Defendant argues that 28 U.S.C. § 2680(h) bars Plaintiff's claims because they are allegedly arising out of assault and/or battery. 28 U.S.C. § 2680(h) bars FTCA claims that allege negligence of supervisors due to an assault and/or battery by a government employee. However, Plaintiff's complaint sounds in negligence. Therefore, Plaintiff does not believe 28 U.S.C. § 2680(h) applies.

(ECF No. 25 at 3.) Plaintiff does not otherwise contest Defendant's arguments.

The FTCA "waived the sovereign immunity of the United States for certain torts committed by federal employees within the scope of their employment." *Matter of Moore*, No. 1:17-CV-1310-PWG, 2020 WL 5628980, at *2 (D. Md. Sept. 21, 2020) (citation and internal quotations omitted). This waiver "is strictly construed[] and all ambiguities are resolved in favor of the sovereign." *Id.* (quoting *Robb v. United States*, 80 F.3d 884, 887 (4th Cir. 1996)). The FTCA includes a list of exceptions under which the Government "does not waive its sovereign immunity[.]" *Id.* (citing 28 U.S.C. § 2680).

The FTCA applies to LCHC through the Federally Supported Health Centers Assistance Acts, 42 U.S.C. § 233 (2016) ("FSHCAA"), which "makes federally-funded community health centers and their employees, officers, and individual contractors eligible for medical malpractice

3

coverage under the [FTCA] . . . to the same extent as federal employees of the United States Public Health Service." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1267 (D.C. Cir. 2005) (citations omitted). Under 42 U.S.C. § 233(a), a party may only recover "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation[.]" At issue is whether Plaintiff's claim involves a "related function[]" of LCHC's provision of medical services.

Related "job functions may . . . be protected [under FSHCAA] if they are 'interwoven' with providing medical care." *Goss v. United States*, 353 F. Supp. 3d 878, 886 (D. Ariz. 2018); *see Sanchez v. United States*, No. 18-CV-1550-AJB-AGS, 2019 WL 3766615, at *4 (S.D. Cal. Aug. 9, 2019) (noting a "hospital's continued vetting of its doctors when it enters into agreements with them, and when it renews agreements with them, is inextricably woven into its performance of medical functions" to support a negligent hiring, supervision, and retention claim); *M.G. v. United States*, No. 19-CV-1252-TWR-AHG, 2020 WL 6271186, at *3 (S.D. Cal. Oct. 23, 2020) (similar); *Bennett v. United States*, 375 F. Supp. 3d 1180, 1187 (W.D. Wash. 2019) [Defendant's] alleged failure to properly supervise a doctor who they knew had exercised poor judgement with female patients in the past is a 'related function' to the provision of medical care for female patients for purposes of § 233."); *Brignac v. United States*, 239 F. Supp. 3d 1367, 1377 (N.D. Ga. 2017) (explaining the plaintiff's "negligent hiring and retention claim is a 'related function' to the provision of medical services" because the defendant, a medical care facility, was required to vet physicians under FSHCAA).

Here, the court has subject matter jurisdiction over this action because Plaintiff's negligence claim, as alleged, involves a "related function[]" that is interwoven with LCHC's

4

provision of medical care to patients and thus falls under Section 233(a). As a FSHCAA entity, LCHC is required to demonstrate it has "reviewed and verified the professional credentials, references, claims history, fitness, professional review organization findings, and license status of its physicians and other licensed or certified health care practitioners." 42 U.S.C. § 233(h). The court finds the requirement of continually vetting its physicians is "inextricably woven" into LCHC's provision of medical care. *See, e.g., Brignac*, 239 F. Supp. 3d at 1377.

Moreover, Plaintiff's claim directly relates to this job function. Plaintiff alleges LCHC "was aware and had knowledge of numerous accounts of improper elicit actions, including sexual advances, improper touching, groping, and molestations, by Dr. Jones but nonetheless continued to employ and permit him to practice medicine at [LCHC's] facility." (ECF No. 1 at 3 ¶ 14.) Taking the allegations in the light most favorable to Plaintiff, LCHC negligently retained Dr. Jones despite knowledge of his prior misconduct with patients, Dr. Jones sexually assaulted Plaintiff during an appointment at which Dr. Jones was supposed to provide medical care, and Plaintiff's injuries stemmed from Dr. Jones' behavior. Such allegations unambiguously implicate LCHC's job function of continuously vetting its physicians as an integral part of its provision of medical services.

Lastly, Defendant argues an exception to the waiver of sovereign immunity bars Plaintiff's claim. Under 28 U.S.C. § 2680(h) of the FTCA, it is true that the Government does not waive sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]" However, 42 U.S.C. § 233(e) explains that "section 2680(h) of Title 28 shall not apply to assault or battery arising out of negligence in the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or

5

investigations." Given the plain language of section 233(e) and the discussion above, the court finds this section was "intended to eliminate the intentional tort exception of the FTCA as it pertains to assaults and batteries arising out of negligence." *Brignac*, 239 F. Supp. 3d at 1379. Accordingly, while Plaintiff's claim allegedly stems from LCHC's negligent supervision and retention of Dr. Jones, who purportedly committed intentional torts, Plaintiff's claim may nonetheless proceed under section 233(e).

## IV.     CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants' Motion to Dismiss for Lack of Jurisdiction. (ECF No. 23.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 30, 2020
Columbia, South Carolina