IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Deidra Lee, | ) |
|          Plaintiff, | ) Civil Action No.: 1:19-cv-02037-JMC |
| v. | ) **ORDER AND OPINION** |
| United States of America, | ) |
|          Defendant. | ) |

Before the court is the Government's Motion for Summary Judgment and Motion to Dismiss for Lack of Jurisdiction. (ECF No. 45.) Plaintiff Deidra Lee responded in opposition to the Motion (ECF No. 53), to which the Government filed a reply (ECF No. 64). The Government seeks to dismiss this action under Rule 12(b)(1) "based on Plaintiff's failure to file her Complaint within the six-month statute of limitations of the Federal Tort Claims Act" ("FTCA") pursuant to 28 U.S.C. § 2401(b) and "the discretionary function exception" of the FTCA. (ECF No. 45.) For the following reasons, the court **GRANTS** Defendant's Motion for Summary Judgment (*id.*).

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKRGOUND**

Plaintiff initially filed suit against Low Country Health Care System, Inc. ("LCHC"), alleging it negligently allowed one of its employees, Dr. Robert Jones, to "improperly touch[], molest[], and grope[] Plaintiff without consent" on or about November 4, 2011.[1] (ECF No. 1 at 2-5, ¶¶ 5-10, 16-17.) Subsequently, the court granted the Government's unopposed Motion to Substitute the United States of America as Defendant, finding that LCHC was eligible for coverage under the FTCA because it received federal grant money and was acting within the scope of its

---

[1] Plaintiff alleges that Dr. Jones has since "been charged with criminal assault and battery offenses as a result of his elicit [*sic*] actions[.]" (ECF No. 1 at 3 ¶ 12.)

employment as a health care center at the time Plaintiff's claims arose. (ECF Nos. 13 & 16.)

The court then denied the Government's initial Motion to Dismiss for Lack of Jurisdiction (ECF No. 21). Under 42 U.S.C. § 233(a), a FTCA claimant may only recover "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, *or related functions*, including the conduct of clinical studies or investigations" (emphasis added). The court found that Plaintiff's negligence claim, as alleged, involved a "related function[]" interwoven with LCHC's provision of medical care to patients, and therefore fell within § 233(a) and under the court's jurisdiction. (*Id*. at 4-5.)

The Government's concurrent Motion for Summary Judgment and Motion to Dismiss (ECF No. 45) now alleges that the present action is barred under the FTCA's six-month statute of limitations pursuant to 28 U.S.C. § 2401(b), and, at any rate, that Plaintiff's claim falls within the discretionary function exception to the FTCA's waiver of immunity, 28 U.S.C. § 2680(a).[2] The following timeline is presented to the court and largely undisputed between the parties:

   a) Plaintiff experiences the alleged physical or sexual assault after an encounter with Dr. Jones on November 4, 2011. (ECF No. 1 at 2 ¶ 5.)

   b) On November 5, 2013, Plaintiff files her first claim with the Department of Health and Human Services ("HHS") alleging physical and sexual assault. (*Id*. at 45-3 at

---

[2] Though styled as a concurrent Motion for Summary Judgment and Motion to Dismiss under Rules 56 and 12(b)(1), respectively, the court construes the Government's Motion as one for summary judgment due to its reliance on materials outside the pleadings, such as documentation of Plaintiff's administrative claim and the HHS denial letters. *See* Fed. R. Civ. P. 12(d). Here, there is no question that Plaintiff was "aware that materials outside the pleadings are before the [c]ourt," and she had a "reasonable opportunity to present all the material that is pertinent to the motion" pursuant to Fed. R. Civ. P. 12(d), because she in fact submitted attachments along with her response (*see* ECF Nos. 53-1 through 53-6). *Rempersad v. United States*, No. GJH-18-2629, 2020 WL 2794558, at *3 (D. Md. May 29, 2020). Thus, "the motion before the court [can] be treated as a motion for summary judgment." *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

1.)

c) After HHS denies her claim, Plaintiff's timely request for reconsideration is rejected on January 17, 2019. (ECF No. 45-5 at 1.)

d) HHS's denial letter, dated January 17, 2019, and addressed to Plaintiff's attorney in the present action, specifically informs him that Plaintiff has a right to sue the United States:

> If your client is dissatisfied with this determination, she is entitled to file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

(*Id*. at 2.)

e) Plaintiff's attorney receives the letter on January 22, 2019. (ECF Nos. 53 at 7; 53-4 at 1.)

f) On July 30, 2015, Plaintiff also files a second tort claim with HHS, bringing largely the same allegations against Dr. Jones. (ECF No. 45-7 at 1; ECF No. 45-6.) This claim, too, is denied by HHS in a letter dated January 17, 2019, advising Plaintiff of her right to request reconsideration or file suit against the United States "within six (6) months from the date of mailing" of the denial letter. (ECF No. 45-7 at 1-2 (citing 28 U.S.C. § 2401(b)).)

g) Plaintiff files her lawsuit in this court six months and two days later—on July 19, 2019. (ECF No. 1 at 6.)

## II.  LEGAL STANDARD

A. **Rule 56 Motion for Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

3

56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 434 (4th Cir. 2011).

When ruling on a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). The non-moving party may not oppose a summary judgment motion with mere allegations or denial of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(c) (1); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 256. "Under this standard, 'the mere existence of a scintilla of evidence' in favor of the non-movant's position is insufficient to withstand the summary judgment motion." *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 761 (4th Cir. 2021) (citing *Anderson*, 477 U.S. at 252). The non-moving party may not sustain its burden by mere "conclusory allegations or denials, without more." *Sedar*, 988 F.3d at 761 (citing *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)). All that is required to survive summary judgment is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249.

Recognizing the inherent difficulty of applying such standards, the Fourth Circuit recently admonished courts to "recite our well-settled standards in considering Rule 56 motions, but also actively engage with the requirements to provide 'specific, material facts' about 'genuine issues'

and to avoid 'conclusory allegations and denials' in analyzing the arguments of the parties." *Sedar*, 988 F.3d at 761 n. 3.

### III.     ANALYSIS

As sovereign, the United States is immune from all lawsuits unless it expressly waives immunity and consents to be sued. *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005) (citing *United States v. Sherwood,* 312 U.S. 584, 586 (1941)). The FTCA, 28 U.S.C. §§ 2671-2680, establishes a limited waiver of sovereign immunity for causes of action alleging "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Congress has carefully delineated the terms of this waiver by statute, setting forth numerous jurisdictional exceptions and restrictions which limit its scope. *Welch*, 409 F.3d at 651 (citing *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001)). The Supreme Court emphasizes that the Government's waiver of sovereign immunity "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Courts cannot extend the scope of the waiver by implication, and must "construe ambiguities in favor of immunity." *Id*. (citing *Irwin v. Dep't of Veterans Aff.*, 498 U.S. 89, 95 (1990)); *Libr. of Cong. v. Shaw*, 478 U.S. 310, 318 (1986). Likewise, the statutory provisions permitting waiver must be "strictly construed" and cannot be read to expand the Government's amenability to suit beyond Congress' exacting terms. *Sherwood,* 312 U.S. at 591; *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981).

One such constraint subjects the FTCA's waiver of immunity to two precise periods of limitation, stipulating that

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by

5

> certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). "Like all statutes of limitations, [§ 2401(b)] is a statute of repose, designed to afford a reasonable time for the presentation of claims, while protecting defendants and courts from adjudication of stale claims and the attendant problems of unavailable witnesses, faded memories and lost evidence." *Mortensen v. United States*, 509 F. Supp. 23, 27 (S.D.N.Y. 1980) (citing *United States v. Kubrick*, 444 U.S. 111, 117 (1979)). Both limitations periods referenced within the statute are mandatory.[3] *Dunn v. U.S. Dep't of Veterans Affs.*, No. 3:18CV699, 2019 WL 6842537, at *4 (E.D. Va. Dec. 16, 2019) ("A claimant 'must comply with both time requirements[.]'"). Thus, where a plaintiff fails to commence the action within six months after the agency mails its denial letter, courts are disinclined to grant exceptions to the rule and adopt a reading "enlarg[ing] that consent to be sued which the Government, through Congress, has undertaken so carefully to limit." *Zander v. United States*, 494 Fed. App'x 386, 388 (4th Cir. 2012) (citing *Berti v. V.A. Hosp.*, 860 F.2d 338, 340 (9th Cir. 1988)); *see also Raplee v. United States*, 842 F.3d 328, 330 (4th Cir. 2016) (plaintiff "had until December 19, 2012 to begin an action pursuant to the FTCA" where HHS mailed notice of final denial on June 19, 2012); *Rosemond v. Rattray*, No. CV 6:16-762-HMH-KFM, 2016 WL 6806264, at *6 (D.S.C. Oct. 31,

---

[3] Like other statutes of limitation, however, § 2401(b) is not considered "jurisdictional" and can be equitably tolled without stripping the court of its subject matter jurisdiction. *United States v. Wong*, 575 U.S. 402, 410 (2015) (because Congress "provided no clear statement indicating that § 2401(b) is the rare statute of limitations that can deprive a court of jurisdiction," the time bars therein do not restrict the court's authority to hear a case). Plaintiff does not allege that her period to commence suit should be equitably tolled. Instead, she challenges the Government's purported date of mailing. (ECF No. 53 at 4-8.) Claimants "are entitled to equitable tolling only if they show that they have pursued their rights diligently and extraordinary circumstances prevented them from filing on time." *See Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Here, Plaintiff has alleged neither, and the court cannot infer such circumstances hindered Plaintiff's ability to timely file her claim. Thus, she is not entitled to equitable tolling.

2016), *report and recommendation adopted,* No. CV 6:16-0762-HMH-KFM, 2016 WL 6804332 (D.S.C. Nov. 17, 2016), *aff'd,* 689 Fed. App'x 749 (4th Cir. 2017) (where VA denial letter was mailed on June 1, 2015, "plaintiff had to initiate a lawsuit by December 1, 2015"); *Street v. U.S. Postal Serv.*, No. CV JKB-18-1810, 2018 WL 4963164, at *1 (D. Md. Oct. 12, 2018) ("This lawsuit was clearly not begun within six months after the date of mailing of the Agency's denial of the claim. Instead, it was filed eighteen months after that critical date. Consequently, it is clearly barred under § 2401(b).").

The Government's argument in this case relies on the plain text of § 2401(b). After HHS mailed Plaintiff's lawyer its final notice of denial on January 17, 2019, Plaintiff was obligated to file suit by July 17, 2019. Because she failed to do so until July 19, 2019, six months and two days after the critical mailing date, the Government asserts her claim is "forever barred" pursuant to § 2401(b). (ECF No. 45-1 at 5-6.) Even so, Plaintiff argues that because the Government has failed to provide postage tracking information proving the letter was actually mailed on January 17, 2019, it cannot conclusively declare her action time barred. (ECF No. 53 at 4-5.) Plaintiff contends that the denial letter, evidently dated January 17, 2019, was not *actually* mailed until at least one day later, and that her lawsuit was therefore timely.[4] (*Id.* at 7.)

---

[4] Even if the letter was mailed on January 18, 2019, Plaintiff's claim is untimely. Though some courts have found that the limitations clock expires the day *after* the specified period has elapsed, Fourth Circuit courts generally use the "anniversary method" when calculating statutes of limitations. *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period."); *Raplee*, 842 F.3d at 330 (plaintiff had until December 19, 2012 to file action where HHS mailed notice of final denial on June 19, 2012); *Zander v. United States*, 843 F. Supp. 2d 598, 606 (D. Md.), *aff'd,* 494 Fed. App'x 386 (4th Cir. 2012) (citing *Tribue v. United States*, 826 F.2d 633, 635 (7th Cir.1987); *Vernell ex rel. Vernell v. U.S. Postal Serv.*, 819 F.2d 108, 111 (5th Cir. 1987), *superseded on other grounds by* Fed. R. Civ. P. 15(c)) (concluding that the six-month limitations period ranges "from the day after mailing to the day before the same calendar date six months later"— such that a claim denied by letter mailed March 16, 2009 would need to be filed in court by September 16, 2009).

The court disagrees. Plaintiff's attempt to challenge the actual mailing date involves mere speculation and cannot sustain her claim past summary judgment. At the outset, Plaintiff concedes that the denial letter was indisputably issued on January 17, 2019, "lending support to a rebuttable presumption that [the HHS] letter was mailed on" the same date. (*Id.* at 4.) No evidence on the record calls this presumption into question. Instead, Plaintiff argues that the *absence* of tracking information and the Government's failure to preserve a sender's receipt suggest possible spoliation of evidence and warrant an adverse inference against the Government on this issue. (*Id*. at 5.) This argument, however, misses the mark. It is Plaintiff's inability to support her assertion with concrete evidence that is fatal to her claim—regardless of the Government's capacity to supply additional proof of the presumptive mailing date. Plaintiff cannot cast this burden to the Government.

Plaintiff's concession that her attorney actually received the letter undermines her premise that the Government controlled the sole proof of the mailing date, because the envelope in her attorney's possession would have been stamped with the letter's mailing and processing date by the post office. The Government further supported the presumptive January 17, 2019, mailing date via the declaration of HHS counsel Kara Hicks, clarifying that agency denial letters are "mailed the same day [] the date stamp[]" indicates. (ECF No. 64 at 3.) Finally, Plaintiff's claim that the letter took four days (rather than the usual two) to be delivered is overcome by the simple explanation that the period between January 17 and January 22, 2019, included a weekend and a federal holiday. Considering the facts in the light most favorable to Plaintiff, the court concludes she failed to present more than a scintilla of evidence that the letter was not, in fact, mailed on

---

To establish her claim as timely, Plaintiff would need to present at least some evidence that the letter was filed on or after January 19, 2019 (a Saturday). Plaintiff has not done so here.

January 17, 2019. The mere possibility of delay, without proof, cannot surmount Plaintiff's burden.[5] Her argument represents the sort of "conclusory allegation[] and denial[]" which the court must "avoid." *Sedar*, 988 F.3d at 761 n. 3.

At bottom, Plaintiff has not refuted the Government's credible evidence supporting the January 17, 2019, mailing date which triggered her six-month limitations period to file suit. Because the denial letter provided plain, unambiguous notice of the applicable statute of limitations, and because Plaintiff failed to commence her suit on or before July 17, 2019, her untimely claim stands "forever barred."[6] 28 U.S.C. § 2401(b). The court need not reach the Government's alternative argument that Plaintiff's claim must be rejected pursuant to the "discretionary function" exception of the FTCA, 28 U.S.C. § 2680(a).

## IV.    CONCLUSION

For the foregoing reasons, the court **GRANTS** the Government's Motion for Summary Judgment (ECF No. 45).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 28, 2022
Columbia, South Carolina

---

[5] Plaintiff's final argument that the Government did not provide adequate notice of the § 2401(b) limitations defense is similarly without merit because the Government raised it in its Answer. (ECF No. 25 at 3.) Plaintiff will not be unfairly prejudiced by the application of the statute, because the six-month limitations period was spelled out in the body of the denial letter in no uncertain terms, and Plaintiff missed it by a mere two days – indicating a general awareness of the applicable statute of limitations and resultant time-bar for claims filed too late.

[6] Though the Government does not raise this argument in its Motion, Plaintiff likely also missed the two-year limitations period to file an administrative claim by one day. Plaintiff's claim accrued on November 4, 2013, the date she alleges she was assaulted, but she did not file her HHS claim until November 5, 2015, one day after the two-year "anniversary date." S*ee supra* n. 4.